IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:19-cr-00018 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| LINDA VO | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On August 8, 2020, defendant Linda Vo, proceeding *pro se*, filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. No. 23.) In accordance with local Standing Order 2019-1, the court appointed the Federal Public Defender (FPD) and ordered the FPD to respond within seven days with any supplemental filing. (Dkt. Nos. 24, 25.) On August 11, 2020, the FPD responded to the court's order and declined to supplement Vo's motion. (Dkt. No. 27.) On August 18, 2020, the United States filed an opposition to Vo's motion. (Dkt. No. 28.) Neither Vo nor the FPD filed a reply brief, and the court finds that a hearing on the motion is not necessary. For the reasons stated below, the court will deny Vo's motion.

## I. BACKGROUND

On March 26, 2019, Vo pleaded guilty to a two-count information alleging conspiracy to distribute fifty grams or more of methamphetamine and possession with intent to distribute fifty grams or more of methamphetamine. (Dkt. Nos. 10–13.) Vo distributed crack cocaine for a co-conspirator in the Roanoke Valley and eventually developed her own customers that she supplied with crack cocaine. (Dkt. No. 12.) Vo also made deliveries of methamphetamine and heroin for her co-conspirator and collected money from customers of her co-conspirator. (*Id.*) The court

sentenced Vo to one hundred and thirty-eight months as to each count, to run concurrently. (Dkt. No. 20.)

Vo is 26 years old (Dkt. No. 27 at 2) and was sentenced on June 7, 2019 (Dkt. No. 20). Her projected release date is July 2, 2028. (Dkt. No. 28, Gov't Ex. B.) Vo is being held at Hazelton Federal Correctional Institution in Bruceton Mills, West Virginia. (*Id.*; Dkt. No. 23.)

Vo states that from January through February of 2020, a large number of inmates became seriously ill at Hazelton. (Dkt. No. 23 at 3.) She states that these inmates had COVID-19 symptoms such as coughing, high fever, body aches, chills, sore throat, and chest pains. (*Id.*) She alleges that one inmate died in February 2020, after presenting COVID-19 type symptoms to health services. (*Id.*) Vo claims that Hazelton did not test any of the sick inmates for COVID-19 and that she has not been tested for COVID-19. (*Id.* at 3–4.) Vo states that the "refusal to test all inmates amid a global health crisis is simply irresponsible, negligent, and []reckless," and "the continuous threat of the coronavirus causes [her] unwarranted mental and emotional stress." (*Id.* at 3, 5–6.) Vo claims the conditions at Hazelton, which she believes put her at risk of contracting COVID-19, violate her rights under the Eighth Amendment of the United States Constitution. (*Id.* at 5.)

The government states that as of August 18, 2020, Hazelton has had no confirmed cases of COVID-19 in the inmate population. (Dkt. No. 28 at 3 (citing Bureau of Prisons, *COVID-19 Inmate Test Information*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 22, 2020).) The government noted that Vo has not offered any qualifying underlying health condition or other extraordinary circumstance to justify her request. (*Id.* at 1.)

Vo requests a reduction in her sentence to time served, or in the alternative, a suspension of the remainder of her sentence and an order to begin her period of probation. (Dkt. No. 23 at 6.) Vo plans to live with her sister in Roanoke if she is released. (*Id.*)

II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson*, No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

While the First Step Act modified § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. The court has previously found that § 3582's exhaustion requirement is not a jurisdictional bar, but rather a claims-processing rule that may be waived. *See United States v. Brown*, Criminal No. 7:19-cr-00036, 2020 WL 4506798, at *3 (W.D. Va. Aug. 5, 2020). Here, the government does not contest whether Vo exhausted her administrative remedies within the Bureau of Prisons (BOP). (Dkt. No. 28 at 4.) Therefore, the exhaustion requirement does not stand in the way of granting relief to Vo.

**C. Extraordinary and Compelling Reasons**

Vo bases her motion for release on her risk of contracting COVID-19 while in custody. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [their] prison facility." *United States v. Harper*, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing *United States v. Feiling*, Criminal No. 3:19cr112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020); *United States v. Dungee*, Case No. 7:15CR00005, 2020 WL 1666470, at *2 (W.D. Va. Apr. 4, 2020)).

Vo argues that she is at a heightened risk for contracting COVID-19 because there are many inmates at Hazelton with symptoms of the virus. The government contests this point, stating that as of August 2020, Hazelton had no confirmed cases of COVID-19 in the inmate population. (Dkt. No. 28 at 3.) Vo also argues that that she may be at an increased risk for contracting the virus because the prison is not testing all inmates for COVID-19. (Dkt. No. 23.) The government explains that in March 2020, the BOP began implementing a plan to mitigate the spread of COVID-19 in prisons. (Dkt. No. 28 at 5.) This plan includes, among other mitigation measures, COVID-19 testing for all inmates during the intake process, prior to transport between BOP facilities, and before entering the general prison population. (*Id.* at 6–7.) The BOP also conducts preventative testing for inmates who show symptoms of infection. (*Id.*)[1]

Vo does not present any underlying health conditions that make her particularly susceptible to contracting COVID-19. In addition, Vo does not have a particularized risk of

[1] Vo also alleges that her risk of contracting COVID-19 in prison violated her Eighth Amendment rights under the United States Constitution. However, as the government notes, a motion for compassionate release is not the appropriate vehicle for Eighth Amendment claims. (Dkt. No. 28 at 5 n.3.) As such, the court will not address her Eighth Amendment argument.

contracting the virus at Hazelton, because there have been no positive cases of the virus among inmates at that facility. *See United States v. Vazquez-Ahumada*, No. 5:18-CR-00005, 2020 WL 4249401, at *3 (W.D. Va. July 22, 2020) (finding that there is no particularized risk of contracting the virus in prison when the prison has not had any positive cases of COVID-19). The court appreciates Vo's concern about the contracting COVID-19 in prison, but the BOP is taking active steps to keep the virus out of its prison facilities. *See* Bureau of Prisons, *BOP Implementing Modified Operations*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 16, 2020). Therefore, the court finds that Vo does not have extraordinary and compelling reasons to justify compassionate release.

III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Vo's motion for compassionate release (Dkt. No. 23.) is DENIED. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: October 26, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge